IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. POTTS, D.D.S., and THE AMERICAN ACADEMY OF IMPLANT DENTISTRY,<br><br>    Plaintiffs,<br><br>    v.<br><br>KATHLEEN HAMILTON, in her Official Capacity as Director, California Department of Consumer Affairs; CYNTHIA GATLIN, Executive Officer, California Dental Board; and ALAN H. KAYE, D.D.S., President; Public Member; LA DONNA DRURY-KLEIN, R.D.A., Secretary; DAVID I. BARON, Public Member; NEWTON GORDON, D.D.S., Member; LAWRENCE HYNDLEY, D.D.S., Member; PATRICIA OSUNA, R.D.H., Member; GEORGE SOOHOO, D.D.S., Member; ARIANE TERLET, D.D.S., Member; and CHESTER YOKOHAMA, D.D.S., Member, in their Official Capacities with the California Dental Board,<br><br>    Defendants. | CIV-S-03-0348 DFL-DAD<br><br>MEMORANDUM OF OPINION AND ORDER |

    Plaintiffs Michael Potts, D.D.S. and the American Academy of Implant Dentistry ("AAID") filed this § 1983 challenge to the

1

constitutionality of a California statute restricting the advertisement of dental speciality credentials.  The court granted summary judgment in favor of plaintiffs on September 8, 2004.  The court also granted plaintiffs' request for declaratory and injunctive relief on February 7, 2005, enjoining defendants from enforcing the statute against plaintiffs and similarly situated AAID members.  Final judgment was entered in favor of plaintiffs on February 16, 2005.

Plaintiffs now move for attorneys' fees and litigation expenses under 42 U.S.C. § 1988 as the prevailing party in their lawsuit, requesting $337,667 in attorneys' fees and $58,121.85 in litigation expenses.  (Mot. at 8.)  Additionally, plaintiffs have separately filed a bill of costs for $19,617.42.  Defendants concede that plaintiffs are entitled to attorneys' fees and certain litigation expenses, but challenge the amounts requested.  Defendants also challenge some of the listed items on the bill of costs.

I.

A.  Attorneys' Fees

The court uses the "lodestar" method for determining the appropriate attorneys' fee award.  Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).  Under this approach, the court multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation.  Id.  There is a strong presumption that the lodestar amount is reasonable.  Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994).

1. Reasonable Rate

Plaintiffs seek an award of $337,667 in attorneys' fees for the 1,321.33 hours their legal team spent on the case. (Mot. at 2, 8.) Plaintiffs had two principal attorneys: Frank Recker, an attorney at Frank Recker and Associates Co., L.P.A. in Florida, and Ann Taylor Schwing, local counsel at McDonough Holland & Allen. (Id. at 3.) In addition, several associates and paralegals assisted on the case. Plaintiffs' documentation reveals that plaintiffs incurred $73,142 in attorneys' fees from Schwing's firm, and $225,676.25 in fees from Recker's firm, for a total of $298,818.25 in attorneys' fees. (Reply at 9.) These fees were calculated using Schwing's and Recker's historic billing rates, which were $250, $275, and $300 for Schwing and $275 and $325 for Recker. (Schwing Decl. at 3; Recker Decl. at 5.) AAID paid these fees as they were billed. (Recker Decl. at 5.) However, plaintiffs request compensation for their attorneys' fees at Recker's and Schwing's current rates - - $325 for Recker and $300 for Schwing – rather than their historic rates, resulting in the current request for $337,667 in attorneys' fees. (Schwing Decl. at 9.)

Defendants do not challenge the requested rates for any of the associates or paralegals who assisted on the case.[1] However, they dispute the rates requested by Schwing and Recker on several

---

[1] There does not appear to be any difference between the historic and current rates for the paralegals and other attorneys, as plaintiffs have only requested the current rates for Schwing's and Recker's time.

3

grounds. First, they argue that Schwing's and Recker's rates should be based upon their historic rates, rather than their current rates. (Opp'n at 4-5.) The court agrees.

The Supreme Court has held that courts have discretion to compensate prevailing parties for the length of time the successful party's attorney has had to wait to receive fees (i.e., for the lost use of the funds and the effects of inflation) by awarding fees at the attorney's current, rather than historic, rates. Missouri v. Jenkins, 491 U.S. 274, 284, 109 S.Ct. 2463 (1989); Gates, 987 F.2d at 1406-07. Here, plaintiffs' attorneys did not experience a long delay in receiving their funds; rather, AAID paid the legal bills as they became due. (Recker Decl. at 5.) Nonetheless, plaintiffs ask the court to apply current rates in this case because AAID was denied the use of the funds for the intervening years or months. (Mot. at 5.)

However, the cases in which courts have applied the attorneys' current rates are significantly distinguishable from the present case, in that they all involve complex civil rights litigations where plaintiffs' attorneys received compensation several years after their services were rendered. See Jenkins, 491 U.S. at 284 n.6 (major school desegregation case where attorneys had to wait over three years before receiving compensation); Gates, 987 F.2d at 1407 (complex civil rights litigation where attorneys waited more than three years to be compensated). Plaintiffs have not cited, nor could the court

4

find, a case where a court has applied the current attorneys' rate in a situation similar to this - - to compensate a client for having paid his attorneys' fees as billed. Accordingly, the court finds that Schwing and Recker should be compensated at their historic rates, not at their current rates.

Second, defendants argue that Schwing's historic rates are higher than the prevailing Sacramento rate for similar work by attorneys of like skill. (Opp'n at 3-4.) The court disagrees. In light of her years of experience, standing in the legal community, credentials, and skill, the requested rates are reasonable for the Sacramento community. The case cited by defendants, Peters v. Winco Foods, Inc., 320 F.Supp.2d 1035, 1042-43 (E.D.Cal. 2004), does not suggest otherwise. In Peters, the court awarded rates of $240 for work performed in 2003 and $260 for work performed in 2004. Id. However, unlike Schwing, the attorney in Peters was a recent law school graduate with limited experience. (Reply at 3-4.) In light of Schwing's experience and credentials, the court finds her historic rates reasonable.

Finally, defendants assert that Recker's requested rates also exceed the prevailing Sacramento rate for an attorney of his skill level, arguing that Recker should be paid at the same rate as Schwing. (Opp'n at 4.) However, Recker brought special expertise to this litigation by virtue of his extensive

background in dentistry.[2] (Reply at 4.) In light of his credentials and special expertise, the court finds Recker's requested historic rates to be reasonable for the Sacramento community.

### 2. Reasonable Hours Expended

Defendants also raise challenges to several of plaintiffs' documented time entries, none of which is persuasive. (Opp'n at 5-6.) First, defendants argue that certain secretarial services performed by associate attorneys should not be compensated because they are overhead expenses. (Id. at 6.) However, these tasks amount to at most a few hours out of the more than 1,300 hours spent on this case. (Reply at 6.) Moreover, several of the time entries defendants identify consist primarily of non-secretarial tasks. (Id.) In light of the reasonableness of the overall hours expended on this case, the court declines to reduce the fee award for these minimal, administrative tasks.

Second, defendants complain about forty billed hours for which Recker used an associate to summarize depositions, as opposed to a paralegal. (Opp'n at 6.) Courts have compensated attorneys for reviewing and summarizing depositions where the time spent is reasonable. See Marbled Murrelet v. Pacific Lumber Co., 163 F.R.D. 308, 323-24 (N.D.Cal. 1995) (finding it reasonable for senior level attorney to review and summarize

---

[2] Recker has a Doctorate in Dentistry, in addition to his law degree, and has been a practicing dentist in three different states. (Reply at 4.)

6

1 depositions and awarding fees for such entries where attorney had
2 small staff); Corder v. Gates, 688 F.Supp. 1418, 1422 (C.D.Cal.
3 1988)(awarding fees for time lead counsel spent reviewing and
4 summarizing depositions where overall hours billed were
5 reasonable), rev'd on other grounds, 947 F.2d 374 (9th Cir.
6 1991).  Here, Recker's use of an associate to review the
7 depositions was reasonable, given that he did not have a
8 paralegal on staff at that time.  (Reply at 7.)  Moreover, the
9 forty hours spent reviewing the depositions was not excessive.
10 Accordingly, the court finds these time entries are compensable.
11    Third, defendants assert it was unreasonable for Recker to
12 bill at his full rate for travel time.  (Opp'n at 6.)  However,
13 several cases have held that reasonable travel time by the
14 attorney during the course of the litigation may be compensable
15 at full market rates.  See U.S. v. City & County of San
16 Francisco, 748 F.Supp. 1416, 1422 (N.D.Cal. 1990), aff'd in
17 relevant part Davis v. City and County of San Francisco, 976 F.2d
18 1536, 1543 (9th Cir. 1992). Defendants do not contend that the
19 travel was unrelated to the litigation; accordingly, it is
20 appropriate to compensate Recker for his travel time at the
21 requested full rate.
22    Finally, defendants complain that some of the time entries
23 were too vague to determine whether the time was reasonably
24 expended.  (Opp'n at 6.)  Specifically, defendants complain about
25 several entries labeled "review emails."  (Id.)  The amount of
26 time billed for these entries is minimal, with each entry

7

covering a maximum of 30 minutes.  The court finds the descriptions provided for these entries are sufficiently specific.

Accordingly, the court finds the documented hours for plaintiffs' attorneys are reasonable.

### 3. Conclusion

The court awards plaintiffs attorneys' fees in the amount of $298,818.25.  As described above, this award compensates plaintiffs for the 1,321.33 documented hours plaintiffs' legal team spent on the case at their attorneys' historic rates.

### B. Litigation Expenses

Plaintiffs request $58,121.85 in litigation expenses, consisting primarily of expenses for legal research, travel, and expert witness fees.  Defendants do not challenge the legal research and travel expenses.  However, they argue that plaintiffs are not entitled to the $50,675 requested for expert witness fees because 42 U.S.C. § 1988 does not provide for the award of such fees in excess of the limits imposed by 28 U.S.C. §§ 1821 and 1920. (Id.)

Expert witness fees are recoverable as part of an attorneys' fee award only if they are authorized by explicit statutory authority.  W.Va. Univ. Hosp., Inc. v. Casey, 499 U.S. 83, 87, 111 S.Ct. 1138 (1991). Following Casey, Congress expressly made expert witness fees recoverable as part of attorneys' fees in an action brought to enforce a provision of §§ 1981 and 1981(a).  42 U.S.C. § 1988(c).  Here, plaintiffs brought their suit under §

8

1983, not § 1981. Accordingly, plaintiffs are limited to recovering only those expert witness fees allowed by 28 U.S.C. §§ 1821 and 1920.[3] See Padro v. Commonwealth of Puerto Rico, 100 F.Supp.2d 99, 109 (D.P.R. 2000) (citing cases).

Section 1920(6) provides for the compensation of court-appointed experts. Because plaintiffs' experts were not court appointed, they can only receive basic witness fees under 28 U.S.C. § 1821. See 28 U.S.C. § 1920(3). Section 1821(b) limits witness fees to "an attendance fee of $40 per day" at a deposition or a trial, plus other travel expenses where applicable. Here, plaintiffs have not indicated that their experts appeared at either a deposition or a trial. Accordingly, plaintiffs are not entitled to any of their requested expert witness fees. The court awards plaintiffs their remaining, requested litigation expenses, totaling $7,446.85.

C. Bill of Costs

Defendants object to several of the costs plaintiffs include within their bill of costs. First, they challenge the inclusion of a $1,400 charge for payments to defendants' two expert witnesses for the taking of their depositions. (Bill of Cost Objections at 2.) For the reasons described above, defendants are correct, and plaintiffs are limited by §§ 1821 and 1920 to $80 for the two days of deposition testimony by these witnesses.

---

[3] Plaintiffs argue that, despite the statutory language and the applicable case law, the court still has discretion to award expert witness fees. (Reply at 8.) However, this argument is foreclosed by Casey and Padro.

9

See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494 (1987).

Second, defendants object to the $8,974.91 listed under the category of "other costs," representing the travel and related expenses for plaintiffs' attorneys to attend depositions in this case.[4]  (Bill of Cost Objections at 2.)  While conceding that these expenses are compensable, defendants contend that they should have been requested as part of plaintiffs' motion for attorneys' fees, rather than in plaintiffs' bill of costs.  (Id.) Plaintiffs do not challenge defendants' argument, but ask that, if the court finds these expenses not recoverable as costs, they be allowed to seek recovery of them as part of their attorneys' fees motion.  (Reply to Bill of Costs Objections at 2; Reply to Attorney Fees Opp'n at 8.)

The court agrees with defendants that these costs are more properly recovered as part of an attorneys' fees motion; section 1920 does not specifically provide for travel expenses and courts have accordingly found them not compensable as part of a bill of costs.  See Yasui v. Maui Elec. Co., Ltd., 78 F.Supp.2d 1124, 1130 (D.Haw. 1999).  Accordingly, the court awards these costs to

---

[4] Plaintiffs originally requested $9,204.52 under this category of "other costs."  However, plaintiffs withdrew their request for two of the specific charges listed - - (1) a charge for on-command movie fees ($38.97), and (2) an unexplained business center cost of $ 190.64 - - after defendants objected to them.  (Reply to Objections to Bill of Costs at 2-3; Reply to Attorneys Fee Opp'n at 8.).  Accordingly, they reduced their requested travel expenses costs to $8,974.91.  (Reply to Attorney Fees Opp'n at 8.)

10

plaintiffs as part of plaintiffs' attorneys' fees motion, bringing plaintiffs' "litigation expenses" award to $16,421.76.

Defendants do not object to the remainder of plaintiffs' bill of costs, and the court finds these costs appropriate. The court, therefore, awards plaintiffs $9,012.90 for their bill of costs.

D. Conclusion

Based on the above discussion, the court awards plaintiffs $298,818.25 in attorneys' fees and $16,421.76 in litigation expenses. The court also awards plaintiffs $9,012.90 in costs.

IT IS SO ORDERED.

Dated: 6/17/2005

DAVID F. LEVI
United States District Judge

11